## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| ERICA D. HAYWOOD | § | |
| | § | |
| v. | § | EP-23-CV-103-FM |
| | § | |
| POTTER COUNTY SHERIFF and | § | |
| EL PASO COUNTY SHERIFF. | § | |

### MEMORANDUM OPINION AND ORDER

Erica D. Haywood petitions for a "Writ of Mandamus." Pet'r's Pet., ECF No. 1. She asks the Court to intervene in her behalf and order the Potter County Sheriff to transfer her to the custody of the El Paso County Sheriff. *Id.* at 1. In the alternative, she asks the Court to order her immediate "medical release" from detention. *Id*. She does not include the $5.00 filing fee or an application to proceed *in forma pauperis* with her petition,[1] but the Court will permit her to proceed immediately in the interest of resolving this matter promptly.

Haywood is a pretrial detainee at the Potter County Jail. *See* Potter County Sheriff's Office Jail Rooster, http://public.pottercountysheriff.org/pottersheriff/PrisonerAndTheirOffenses Report.pdf (search for Haywood, Erica) (last visited March 20, 2023). She is charged with harassment of a public servant and assault on a public servant in cause numbers 82671-A and 82672-A in the 47th District Court in Potter County. *Id*. She is also charged with obstruction or retaliation in cause number 20170D01866 in the 327th District Court in El Paso County. *See* El Paso County Case Records Search, Register of Actions, https://casesearch.epcounty.com/PublicAccess/CaseDetail.aspx?CaseID=7730480 (search for Haywood, Erica) (last visited March

---

[1] While incarcerated, Haywood has filed at least three civil actions or appeals which have been dismissed as frivolous, malicious or for failure to state a claim. *See Haywood v. Fifth Circuit Court of Appeals, et al*., No. 4:09-CV-202 (S.D. Tex. Mar. 12, 2009); *Haywood v. Bexar County Sheriff, et al*., No. 5:11-CV-467 (W.D. Tex. Aug. 1, 2011); *Haywood v. Bexar County Sheriff, et al*., No. 5:11-CV-448 (W.D. Tex. Aug. 1, 2011).

20, 2023). Haywood complains she "is lingering in jail in horrid conditions and with [the] dire need for medication." Pet'r's Pet., ECF No. 1 at 1. She asks the Court to order the Sheriffs of Potter and El Paso Counties to arrange for her transfer to the El Paso County Jail. *Id*. In the alternative, she asks for an immediate release from jail to obtain additional health care for her claimed asthma, allergies, sciatica, and skeletal disorders. *Id.* at 3.

The Federal Rules of Civil Procedure have abolished writs of mandamus. Fed. R. Civ. P. 81(b). Still, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. And federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Absent unusual circumstances, federal courts cannot interfere and exercise jurisdiction over pending state criminal prosecutions. *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (citing, 401 U.S. 37, 54 (1971)). And federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Superior Ct*., 474 F.2d 1275, 1276 (5th Cir. 1973).

Furthermore, it is well settled that prisoners do not have a constitutional right to be incarcerated in any particular place. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Decisions regarding the placement of prisoners—and whether to transfer them—are essential to prison management. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Montanye v. Haymes*, 427 U.S. 236 (1976). These decisions are left to the discretion of prison officials and are not subject to judicial oversight as long as the conditions of confinement do not otherwise violate the Constitution. *Shaw v. Murphy*, 532 U.S. 223, 228 (2001).

To prevail on a conditions of confinement claim, an inmate must establish two elements—one objective, one subjective. *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019). First, she must show that the relevant official denied her "the minimal civilized measure of life's necessities" and exposed her "to a substantial risk of serious harm." *Id*. (quotation marks omitted). The "alleged deprivation" must be "objectively serious." *Id.* Second, the prisoner must show "that the official possessed a subjectively culpable state of mind in that he exhibited deliberate indifference" to the risk of harm. *Id*. (citations and quotation marks omitted). "A prison official displays deliberate indifference only if he (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards that risk by failing to take reasonable measures to abate it." *Id*. (quotation marks omitted). " 'Deliberate indifference is an extremely high standard to meet.' " *Id*. (quoting *Domino v. Texas Dep't of Crim. Just*., 239 F.3d 752, 756 (5th Cir. 2001)).

Haywood's "speculative and conclusory allegations [are] insufficient to state a viable constitutional due process claim." *Cardenas v. Young*, 655 F. App'x 183, 187 (5th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Her placement in a particular jail while awaiting trial—in this case the Potter County Jail—is accordingly not subject to judicial oversight. *Shaw*, 532 U.S. at 228.

To the extent Haywood seeks an immediate release from pretrial detention, her pleading is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). To prevail on a § 2241 petition, she must show she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). But she

may make this attack only in the district court with jurisdiction over her custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The Court notes Haywood is currently in the Potter County Jail. It further notes Potter County is within the jurisdiction of the United States District Court for the Northern District of Texas, Amarillo Division. 28 U.S.C. § 124(a)(5). Consequently, the Court finds it does not have jurisdiction over Haywood's custodian, and it may not adjudicate her § 2241 claim. Moreover, the Court also finds it should not grant Haywood a certificate of appealability because "jurists of reason would [not] find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Consequently, after due consideration, the Court concludes Haywood is not entitled to relief and enters the following orders:

**IT IS ORDERED** that Haywood's "Petition for Writ of Mandamus" (ECF No. 1) is **DENIED** for lack of jurisdiction and her case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the $5.00 filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that Haywood is **DENIED** a certificate of appealability.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 21st day of March 2023.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**